M. James SEEMANN, 44 Beechwood Road, New Hartford, New York 13413, and Stephanie Sheehan, 60 Pinehurst Road, Edgartown, Massachusetts, Plaintiffs,

v.

**Dennis MAXWELL, Defendant.**

No. 97–CV–913 (FJS).

United States District Court,
N.D. New York.

Jan. 7, 1998.

hold that the only action for which we can award costs and attorneys' fees is *Loubier IV*.

M. James Seemann, New Hartford, NY, Pro se.

Stephanie Sheehan, Amherst, MA, Pro se.

Bouck, Holloway, Kiernan and Casey (Keith J. Brennan, of counsel), Albany, NY, for Defendant.

## MEMORANDUM–DECISION AND ORDER

SCULLIN, District Judge.

### Introduction

This negligence action arose out of a fight between two canines which were owned by Defendant's tenant and Plaintiffs. In essence, Plaintiffs, M. James Seemann ("Seemann") and Stephanie Sheehan ("Sheehan"), claim that Defendant, Dennis Maxwell ("Maxwell"), was negligent in renting his house to the particular tenant and, as a result, Plaintiffs suffered physical injury and other damages. Presently before the Court is Defendant's motion to dismiss Plaintiffs' Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (3), (4), and (5).

### Factual Background

Defendant owned a parcel of land located at 65 Pine Hurst Road, Edgartown, Massachusetts. Defendant rented this property to Patrick Graham, who is not a party to this action. Mr. Graham owned a Rottweiler called Willie. Plaintiff Sheehan owned and resided on the neighboring property located at 60 Pinehurst Road, Edgartown, Massachusetts. Plaintiff Seemann resided in New York. Plaintiffs collectively owned an English Setter called Dudley. From the record, it appears that Willie and Dudley were not friendly toward each other.

On July 4, 1994, Willie attacked Dudley on Plaintiff Sheehan's property. As Plaintiffs attempted to break the dog fight up, an altercation between Plaintiffs and Graham occurred. During the happening of these events, Plaintiffs suffered both personal and property damage.

The Defendant was not present when the events occurred, however, the Plaintiffs nonetheless allege that, by virtue of his status as the landowner, the Defendant is liable for their injuries. The Plaintiffs bring this action alleging negligence, a violation of local zoning and health ordinances, and a violation of their civil rights. Plaintiff Seemann filed the present action against Defendant in June 27, 1997, alleging diversity of citizenship as the basis of subject matter jurisdiction and requesting $550,000 in damages. Thereafter, the Complaint was amended to include Sheehan as Co-plaintiff.

Presently before the Court is Defendant's motion to dismiss the Amended Complaint pursuant to the Federal Rules of Civil Procedure 12(b)(1), (2), (3), (4), and (5), or respectively for lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, insufficiency of process, and insufficiency of service of process.

### Discussion

Section 1332 of the Judicial Code grants federal courts subject matter jurisdiction to hear suits "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States...." 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship is required, meaning that there cannot be citizens from the same State on opposing sides of the litigation. *See Leveraged Leasing Administration Corp. v. PacifiCorp Capital, Inc.,* 87 F.3d 44, 47 (2d Cir. 1996) (citing *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 267, 2 L.Ed. 435 (1806), *overruled on other grounds by Louisville, C & C R.R. Co. v. Letson,* 43 U.S. (2 How.) 497, 555, 11 L.Ed. 353 (1844)). When a federal court's subject matter jurisdiction is dependent solely on diversity jurisdiction and the court finds that complete diversity does not exist, the court must dismiss the suit. *See Fox v. Board of Trustees,* 42 F.3d 135, 140 (2d Cir. 1994). The parties to the suit cannot confer subject matter jurisdiction on the court, through either waiver or consent.

In the present case, Plaintiff Seemann is a resident of New York and Defendant

Maxwell is a resident of Massachusetts. If these two individuals were the only parties to this suit, complete diversity would exist. However, Plaintiff Sheehan is a resident of Massachusetts, and as such, complete diversity is destroyed. Thus, the Court finds that it has no subject matter jurisdiction to hear this suit.[1] Therefore, the Defendant's motion pursuant to Fed. R. Civ. Pro 12(b) is granted, and the Plaintiffs' action is dismissed in its entirety.

### Conclusion

After carefully considering the papers submitted, the arguments, the applicable law, and the entire pleadings in this matter, it is hereby

ORDERED that Defendant's motion to dismiss pursuant to the Federal Rules of Civil Procedure 12(b) is GRANTED; and it is further

ORDERED that Plaintiffs' entire Amended Complaint is DISMISSED.

**IT IS SO ORDERED.**

---

1. Because the Court finds that it does not have subject matter jurisdiction, the remaining grounds asserted for dismissal under 12(b) are now moot. *See Rhulen Agency, Inc. v. Alabama Ins. Guaranty Ass'n, et al.,* 896 F.2d 674, 678 (2d Cir.1990) (holding that a "court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined.") (internal citations omitted).